**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **RICHARD C. POOLE,** *Plaintiff,* | |
| v. | Case No.: 8:20-cv-00466-PWG |
| **MAZDA MOTOR OF AMERICA, INC.** *Defendant.* | |

**MEMORANDUM OPINION**

Plaintiff Richard Poole initially filed this suit against Mazda Motor of America, Inc. (hereinafter "Mazda") pursuant to the Maryland Automotive Warranty Enforcement Act, Md. Code Ann., Com. Law § 14-1502, the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 *et seq*., and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-301 *et seq,* (MCPA). Compl., ¶¶ 16–52, ECF No. 1. On November 12, 2020 Mr. Poole filed an amended complaint that abandoned the Maryland Automotive Warranty Enforcement Act and Magnuson–Moss Warranty Act counts, asserting just the initial MCPA claim[1] and adding a claim of negligent misrepresentation. Amend. Compl., ¶¶ 44–45, 51, ECF No. 22.

Mazda has moved to dismiss for lack of subject matter jurisdiction, claiming that after

---

[1] Mr. Poole revised his claim of "unfair or deceptive trade practices" under the MCPA from a general violation to one concerning specific statements the defendant made about the vehicle at issue. Compl., ¶ 50; Amend. Compl., ¶ 45.

withdrawing the Magnuson–Moss Warranty claim and thus eliminating the basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331, Mr. Poole now fails to meet the $75,000.00 amount in controversy requirement to confer diversity jurisdiction under 28 U.S.C. § 1332(a). Def.'s Mot. Mem. 2, ECF No. 23-1. Mr. Poole contends that his claim for economic damages, non-economic damages, and attorney's fees exceed the $75,000.00 threshold. Pl.'s Mem. 6, ECF No. 34-1. The motion is fully briefed,[2] and a hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, I find that Mr. Poole's amended complaint does not vitiate subject matter jurisdiction. Accordingly, Mazda's motion to dismiss is DENIED.

**Factual and Procedural Background**

On or about November 10, 2017, Mr. Poole purchased a 2017 Mazda MX-5 Miata RF from an authorized Mazda dealership. Amend. Compl., ¶ 10. Mr. Poole and a salesman at the dealership arranged for a back-up camera to be installed in the vehicle since the vehicle did not come with one. *Id.* at ¶ 11. Within six months of ownership, Mr. Poole experienced difficulties with the vehicle's battery holding a charge for more than seven to ten days. *Id.* at ¶ 13. Mr. Poole contends that due to the issues with the battery, he could not drive the vehicle as frequently as he would have liked and that the problems with the battery made the vehicle unsafe. *Id.*

Mr. Poole filed an initial complaint against Mazda on February 21, 2020, which he amended on November 12, 2020. He alleges that on July 14, 2020, his vehicle was inspected by Mazda's representative and returned with the back-up camera now also malfunctioning. Amend. Compl., ¶¶ 29–30. The amended complaint further alleges that Mazda misrepresented the cause of the battery problems, such as by initially denying that there was any problem with the battery, that lack of usage was the source of the issue, and that Mr. Poole should use a trickle charger; all of

---

[2] *See* ECF Nos. 23, 34, 38

which occurred before Mazda stated in a letter on July 27, 2020 that the source of the problem was an aftermarket part not covered by the car's warranty. *Id.* at ¶¶ 2, 18, 25, 31, 33, 45.

As noted, in his amended complaint, Mr. Poole sues Mazda for unfair or deceptive trade practices pursuant to the MCPA and for negligent misrepresentation. *Id.* at ¶¶ 44–54. Mr. Poole claims more than $75,000 in damages against Mazda, which consist of both economic and non-economic damages, and attorney's fees. *Id.* at ¶¶ 48, 54. Mazda subsequently filed a motion pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss for lack of subject matter jurisdiction. Def.'s Mot. Mem., 2.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal of a plaintiff's complaint due to lack of subject matter jurisdiction, asserting, in effect, that the plaintiff lacks any "right to be in the district court at all." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). "Jurisdiction of the lower federal courts is . . . limited to those subjects encompassed within a statutory grant of jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Because subject matter jurisdiction involves the court's power to hear a case, it cannot be waived or forfeited, and courts have an independent obligation to ensure that subject matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The burden of establishing subject matter jurisdiction rests squarely with the plaintiff. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). But the district court should grant a 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Balfour Beatty Infrastructure, Inc. v. Mayor & City Council of Balt.*, 855 F.3d 247, 251 (4th Cir. 2017) (quoting *Evans*, 166 F.3d at 647).

A defendant may challenge the district court's subject matter jurisdiction in two ways. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). First, a defendant may raise a facial

3

challenge, alleging "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Under such a challenge, the court takes the complaint's allegations as true. *Kerns*, 585 F.3d at 192. Alternatively, a defendant may raise a factual challenge, asserting that the jurisdictional allegations in the complaint are untrue. *Id.* In that case, the court may consider evidence outside of the pleadings without converting the motion to one for summary judgment. *Id.*

Mazda does not state in its motion whether it brings a facial or factual challenge. However, I will construe the motion as a facial challenge, because Mazda is essentially arguing that even on the facts set forth in Plaintiff's complaint, Mr. Poole is unable to meet the amount in controversy requirement and jurisdiction is thus precluded. Accordingly, I will take the facts alleged in the complaint as true and must deny the motion if the complaint alleges sufficient facts to invoke subject matter jurisdiction. *Id.*

**Discussion**

District courts have original jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). In evaluating whether the amount in controversy requirement is met, "[t]he general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). And, because "an amended pleading ordinarily supersedes the original and renders it of no legal effect," I look to Mr. Poole's amended complaint in determining whether the diversity statute is satisfied. *Young v. City of Mount Rainer*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)*, 226 F.3d 160,

4

162 (2d Cir. 2000)); *see also Biktasheva v. Red Square Sports, Inc.*, 366 F. Supp. 2d 289, 294–95 (D. Md. 2005) (looking to Plaintiff's amended complaint and holding that Plaintiff failed to state claims for which punitive damages or attorney's fees could be awarded to meet the amount in controversy requirement). Within the complaint, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury*, 303 U.S. at 288. A court may dismiss only if, "it is apparent, *to a legal certainty*, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." *Id.* at 289 (emphasis added). In seeking to dismiss a complaint for failing to meet the amount in controversy, the defendant "must show 'the legal impossibility of recovery' to be 'so certain as virtually to negate the plaintiff's good faith in asserting the claim.'" *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (quoting *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981). In essence, Mazda must show that it is a legal impossibility for Mr. Poole to recover over $75,000 in this case to succeed on its 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

Mr. Poole argues that this Court has subject matter jurisdiction under the diversity statute, 28 U.S.C. § 1332(a).[3] Amend. Compl., ¶ 9. Diversity of citizenship requirements are met because Mr. Poole is a citizen of Maryland and Mazda has a principle place of business in California. *Id.* at ¶ 7–9. Mr. Poole claims that his complaint meets the amount in controversy requirement, alleging $12,115.07 in economic damages and unquantified non-economic damages from "exacerbated anxiety, manifesting physically in sleeplessness, complaining to my spouse, and increased blood pressure." Pl.'s Mem., 4. Mr. Poole argues that it is possible to obtain a significant

---

[3] Plaintiff appears to have inadvertently cited 15 U.S.C. § 1332 in his amended complaint, ¶ 9, as well as in his initial complaint, despite intending to claim federal question jurisdiction. Compl., ¶3; Civil Cover Sheet, ECF No. 1-1.

5

non-economic damages award for a case like this, citing *Easton v. Foreign Motors* (Case #24-C-05-010618) and *Spicer v. New Towne Properties, et al.*, (Case #03-C-08-009760) as examples.[4] *Id.* Mr. Poole also argues that attorney's fees should be included in the amount in controversy requirement calculation, stating that he has spent over $35,000 in attorney's fees as of January 11, 2021 and will accrue more as the case progresses. *Id.* at 5–6; Pl.'s Aff., 1, ECF No. 34-2.

Mazda claims that Mr. Poole has failed to meet the amount in controversy requirement. Def.'s Mot. Mem., 7–8. Mazda argues that Mr. Poole has failed to show that the expenses listed in his economic damages calculation are recoverable, and if they are, they fall well short of $75,000. Def.'s Reply. Mot. Mem., 2–3, ECF No. 38. Mazda contends that non-economic damages, if any, are nominal, arguing that Mr. Poole does not quantify his claims and that Mr. Poole's alleged "frustrations and irritations" are less severe than the emotional distress experienced by plaintiffs in other MCPA cases with significant non-economic damages awards. *Id.* at 3–4. Mazda also argues that attorney's fees are not included in the amount in controversy calculation. *Id.* at 4–5. Finally, Mazda argues that Mr. Poole's MCPA claim fails as a matter of law, and thus he cannot claim damages to meet the amount in controversy requirement. *Id.* at 6–7.

There are three components of the amount in controversy calculation at issue here: economic damages, non-economic damages, and attorney's fees. Since Mr. Poole claims only $12,115.07 in economic damages, Pl.'s Mem., 4, the remaining portion of the minimum amount in controversy requirement must be met with non-economic damages and attorney's fees to confer diversity jurisdiction.

---

[4] A Baltimore City jury awarded $300,000 in stress damages for a violation of the MCPA in *Easton*, and a Baltimore County judge awarded $230,000 in stress damages, and doubled that amount, for mortgage fraud in *Spicer*. Pl.'s Mem., 4.

I begin by examining Mr. Poole's claim for attorney's fees. In general, "attorney's fees are not included in the amount-in-controversy calculation, but courts have created two exceptions to this rule: '(1) if the fees are provided for by contract; or (2) if a statute mandates or allows payment of attorney's fees.'" *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013) (quoting *15–102 Moore's Federal Practice*, Civil § 102.106(6)(a)). Accordingly, "when Maryland law permits recovery of attorneys' fees, 'potential attorneys' fees should be considered in determining whether the amount in controversy in a diversity action exceeds the jurisdictional threshold.'" *Id.* (cleaned up) (quoting *Francis v. Allstate Ins. Co.*, 869 F. Supp. 2d 663, 669 (D. Md. 2012). Mazda suggests that *Francis*' holding is limited to attorneys' fees incurred as a direct damage, such as in a contractual breach, which was at issue in *Francis*, but cites no authority to support such a narrow interpretation. *See* Def.'s Reply Mem., 4–5. Mazda's argument that other district judges mistakenly relied on *Francis* when including attorneys' fees as part of MCPA claims in the amount in controversy is similarly unpersuasive. *See id.* at 5 (citing *Goff v. Caliber Home Loans*, 2020 WL 6204299 (D. Md. 2020) and *Williams v. Bank of New York Mellon*, 2013 WL 2422895 (D. Md. 2013)). The MCPA statutorily provides for reasonable attorneys' fees as a remedy if the plaintiff prevails and is awarded damages. Md. Code Ann., Com. Law § 13-408(b); *Goff*, 2020 WL 6204299 at *16. Since *Francis* holds that attorneys' fees may be considered in determining whether the amount in controversy threshold is met "if a statute . . . allows payment of attorney's fees," such fees "should be considered in determining whether the amount in controversy" is met here. *Francis*, 709 F.3d at 368.

When analyzing potential attorneys' fees, courts determine whether "[e]xperience and common sense suggest that the Plaintiffs' attorneys' fees" will reach an amount that satisfies the amount in controversy requirement when combined with other damages. *See id.* (quoting *Francis*,

869 F. Supp. 2d at 670) (describing the district court's analysis and agreeing). "'A transparent attempt to puff up future attorney's fees to cross the jurisdictional threshold should bear special scrutiny under *St. Paul*,'" but "the court will consider a reasonable estimate of potential attorneys' fees." *Williams*, 2013 WL 2422895 at *3 (quoting *Raymond v. Lane Const. Corp.*, 527 F. Supp. 2d 156, 163 (D. Me. 2007)); *but see Bartnikowski v. NVR, Inc.*, 307 F. App'x 730, 736 n.12 (4th Cir. 2009) (noting in an appeal of a motion to remand a class action that while attorneys' fees may be included, "[a]t this stage of litigation, however, an estimate of attorneys' fees is pure speculation, and thus, on this record, cannot be used to augment the amount-in-controversy calculation").

Here, Mr. Poole's counsel, Ms. Jane Santoni, Esq., states in her affidavit that the Plaintiff has incurred more than $35,000.00 in attorney's fees and that she has spent more than 75 hours on this action as of January 11, 2021; Ms. Santoni estimates an additional minimum of $45,000.00 in expenses if this action continues to trial. Pl.'s Aff., 1. Reasonable attorney's fees under the lodestar figure are "the product of reasonable hours times a reasonable rate." *Murphy v. Smith*, 138 S. Ct. 784, 789 (2018). The U.S. District Court for the District of Maryland Local Rules provides a guideline of $300-475 as an hourly rate for lawyers admitted to the bar for twenty years or more in determining attorney's fees. Loc. R. App. B § 3.e. Based on the record before me and the fact that Ms. Santoni has been practicing for more than twenty years,[5] an hourly rate of approximately $467.00 is a reasonable rate under Local Rule guidelines. Thus, I cannot find with legal certainty that Mr. Poole could not recover at least the $35,000 in attorney's fees already incurred should he prevail.

---

[5] The Court takes judicial notice of the fact that Ms. Santoni has been a member of the Maryland Bar Association since 1986. Fed. R. Evid. 201.

As to additional attorney's fees, I view Mr. Poole's contention that he could accrue $45,000 or more in fees with some scrutiny to avoid "an attempt to puff up future attorneys' fees to cross the jurisdictional threshold" as Judge Blake warned against in *Williams*.[6] *See* 2013 WL 2422895 at *3. However, based on the Local Rules' hourly rate guidelines and the expenses that Mr. Poole has already incurred at this stage of the litigation, experience and common sense indicate Mr. Poole could accumulate significant additional attorney's fees in the range that his attorney estimates as this action continues (particularly given the approach that Mazda has taken to date in this case), as well as in other damages if he prevails.

I next turn to Mr. Poole's claim for non-economic damages. Mr. Poole suggests that it is possible for him to be awarded significant non-economic damages, citing to two Maryland cases that awarded hundreds of thousands of dollars in stress related damages: *Easton v. Foreign Motors* (Case #24-C-05-010618), a MCPA auto case, and *Spicer v. New Towne Properties, et al.*, (Case #03-C-08-009760), a mortgage fraud case. Pl.'s Mem., 4. Mazda argues that Mr. Poole's pain and suffering in this case is not as severe as other physical and emotional injuries arising from MCPA cases, Def.'s Reply Mem., 3–4, suggesting that Mr. Poole would only receive nominal non-economic damages. Mr. Poole does not elaborate in his complaint or response brief how his case could result in significant non-economic damages. *See* Amend. Compl., 12; Pl.'s Mem., 4. But he need not do so at this early stage of the case. Rather, it is Mazda that must show how Mr. Poole would receive only minimal non-economic damages. Its argument here distinguishing the cases Mr. Poole cites has merit, but does not show to a legal certainty that Mr. Poole could not recover

---

[6] It does not escape this Court's attention that the $35,000 and $45,000 (or more) in attorney's fees claimed alone exceeds $75,000.

9

the requisite amount in non-economic damages—combined with economic damages and attorney's fees—to exceed the amount in controversy requirement.

Thus, combining $12,115.07 in economic damages, $35,000 in attorney's fees currently accrued plus estimated additional attorney's fees, and non-economic damages, Mazda fails to show that it is a legal impossibility for Mr. Poole's claim to exceed the $75,000 amount in controversy threshold.

Mazda finally challenges the merits of the MCPA claim and argues that I should consider the merits as part of my inquiry, citing to *Wiggins*, 644 F.2d at 1017 and *FLF, Inc. v. World Publications, Inc.*, 999 F. Supp. 640, 643 (D. Md. 1998) as authority. *See* Def.'s Reply Mem., 7. The crux of Mazda's argument is that as a matter of legal certainty, Mr. Poole fails on his claim and thus is not entitled to any of the respective damages from that claim to allow him to meet the amount in controversy requirement. *Id*. However, *Wiggins* only evaluated the legal merits of the plaintiff's right to claim a *type of damage* that could be included in the amount in controversy calculation, and not the merits of the breach of contract claim itself. *See Wiggins*, 944 F.2d at 1017 (holding that because Maryland law does not allow for punitive damages in breach of contract disputes rendering to a legal certainty that plaintiff could not claim punitive damages to meet the amount in controversy). And to the extent that *World Publications* evaluated the merits of the plaintiff's claims to determine what damages that could be included in diversity calculations, *World Publications*, 999 F. Supp. at 642–643, the Fourth Circuit's more recent holding in *Kerns* is instructive:

> [N]o purpose is served by indirectly arguing the merits in the context of federal jurisdiction. Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to

10

> proceed under Rule 12(b)(6) ... or Rule 56 ... both of which place greater restrictions on the district court's discretion.

585 F.3d at 193 (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)). Moreover, although "the ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered" so that the opposing party has an opportunity to respond, Mazda challenged the merits of Mr. Poole's MCPA claim for the first time in its reply brief. *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006); *see also Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 603 (4th Cir. 2013) (holding that defendant waived an "argument by raising it for the first time in its reply brief"); Def.'s Reply Mem., 6. I thus decline Mazda's invitation to address the merits here because doing so at this stage does not promote judicial economy and because the argument was not raised earlier. If Mazda wishes to challenge the merits of Mr. Poole's arguments, it may do by filing motion for summary judgment.

## Conclusion

For the foregoing reasons, Mazda has not met the "heavy burden" of showing the "legal impossibility of recovery" of economic damages, non-economic damages, and attorney's fees that in sum reach the amount in controversy threshold. *See JTH Tax*, 624 F.3d at 638 (quoting *Wiggins*, 644 F.2d at 1017). I therefore deny the Motion to Dismiss for Lack of Jurisdiction. A separate order shall issue.

DATED this 15th day of July, 2021.

BY THE COURT:

_____/S/_____
Paul W. Grimm
United States District Judge